Bockes, J.
The plaintiff had judgment against the defendant for breach of covenant of seizin and warranty contained in a conveyance of real property made by the latter to the former. The damages to be recovered ($800) were agreed upon by the parties, in case the right of action should be established.
The defence was this, that the deed, by mistake and contrary to the understanding and agreement of the parties, omitted an exception, or reservation, of certain water rights theretofore, conveyed to one Amos D. Briggs, and held by him under a prior conveyance, which water rights so held by Briggs constituted the breach of covenant counted on; and the defendant, by his answer, claimed to have the deed reformed and corrected in the particular referred to. The jury found against the defendant on this subject of equitable defense, and, as we consider, so found correctly as the case was presented on the trial.
At all events, the most that the defendant could justly claim, as the case stood on the proof, was that a case was made for the jury. The evidence, as a whole, was certainly not strong or at all conclusive in his favor. The *598 verdict against the alleged defense, adopted by the judge, must be accepted as conclusive upon the parties on this question of fact.
This conclusion leaves the case with the plaintiff, and the judgment must be affirmed, Unless there be some error in the rulings by the judge during the progress of the trial prejudicial to the defendant’s rights.
A single ruling is now urged by the defendant’s counsel as ground of error. The witness, Briggs, who owned the water right constituting the alleged breach of covenant, was asked by the defendant’s counsel the following question: “What is the fair value of your dam, in connection with your mill?” The witness answered: “It is worth $10,000, the dam and water privilege.” The plaintiff’s counsel moved to strike out this answer, as not. the proper basis of damages. Thereupon the defendant’s counsel stated “that his object in offering the testimony was to show that if this dam and stream was worth $10,000, that defendant was a fool and the plaintiff was a knave in paying $4,000 for this water privilege together with fifteen acres of land.” The motion was granted, and the defendant’s counsel entered an exception to the ruling.
Now, we may lay entirely out of view the bearing which the answer might have had on the subject of damages, either rightfully or wrongfully, inasmuch as the parties subsequently agreed on $800 as the sum to be recovered in case the plaintiff should establish a right to recover. The point to be considered, then, is whether the value of the dam and water power might not be given in evidence as a circumstance bearing on the subject of the alleged equitable defense in this way; that as the evidence on this subject was contradictory, not conclusive one way or the other, resting to some extent, at least, upon circumstances having a bearing pro and con, and also upon the credibility of witnesses, was it not competent, touching the probabilities of the case to show that the property purporting to have been purchased by the plaintiff and sold by the defendant at $4,000, was really worth $10,000 ? If the ruling of the court excluded evidence of this character, it might well be urged as error.
Under the circumstances above suggested, a great disparity between the price stated in the deed ($4,000) and the real value of the property conveyed ($10,000), would lend some probability in favor of the alleged equitable defense of mistake here urged; and evidence of such disproportion might be brought in as a fact, to be considered in connection with the other proof. But was the evidence offered, so offered as bearing on the subject of alleged-mistake; and, if offered for that purpose, was it not even then inadmissi *599 ble because of its extended scope and significance. It seems that the judge was at first inclined to admit the proof, but when the object and purpose of its introduction was declared by the counsel, to be, to show “that defendant was a fool and the plaintiff a knave, in paying $4,000 for this water privilege, together with fifteen acres of land,” he rejected it—struck it out. That the evidence was inadmissible for such a purpose in the case is not open to argument. Yet the ruling seems to have been called for, and made on this statement of counsel, as to the purpose for which it was to be used. But waiving this view of the subject of alleged error in striking out the evidence, and looking at its rejection on the hypothesis that, under the circumstances of the proof, evidence of a great disparity between the price stated in the deed as the purchase price of the property and its real value was admissible, then the question arises, was such the limitation and scope of the rejected proof ?
The plaintiff purchased about fifteen acres of land, embracing a water right, for the price expressed in the deed, of $4,000. The defect of title complained of, was as to the water right. Now, we suppose- that, as the case stood on the proof, it was competent for the parties—either of them —to inquire as to the real value of the property purchased; that is, the fifteen acres of land with the water right included within its boundaries. Then, was the defendant deprived of such evidence ? Let us see.
The question put to the witness Briggs, was this: “ What is the fair value of your dam in connection with your mill ?” The mill of the witness standing on his land outside the boundaries of the fifteen acre purchase. The answer was, “It is worth $10,000, the dam and water privilege;” that is, the dam and water right, “in connection” with my mill,, is worth $10,000. If this answer included the mill in the valuation, the evidence was improper, because including in the estimate an improper element or item. If the answer meant used in connection with the mill it still embraced an improper element, in this, the use in connection, with the mifi run and as used by the witness. Thus in either view the evidence was rightfully stricken out as improper. The admissible question would be as to the real value of the fifteen acre purchase, embracing within its boundaries the water right, in other words, the water right in connection with the fifteen acre purchase.
Such was the kind of proof bearing on this point put in by the plaintiff, and to the same kind of proof the defendant might rightfully be limited. The question still remains, whether the propriety of the ruling should not be deter mined under the statement of the counsel offering the *600 proof, as to the purpose for which its introduction was ■ sought. . If inadmissible for the purpose for which it was offered, with no suggestion that it was offered in any other view, the test of the ruling should be its admissibility for the purpose stated.
On the whole we are of the opinion that the record discloses no error calling for a reversal of the judgment. Judgment affirmed with costs.
Lardón and Peckham, JJ., concur.